IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ISRAEL RODRIGUEZ** § | |
| § | |
| **V.** § | **A-12-CA-551-SS** |
| § | |
| **RICK THALER,** § | |
| **Director, Texas Dept. of Criminal Justice-** § | |
| **Correctional Institutions Division** § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 5); and Petitioner's response thereto (Document 7). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I. STATEMENT OF THE CASE**

**A.   Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to two judgments and sentences of the 40th Judicial District Court of Ellis County, Texas. Petitioner was charged with two counts of aggravated assault with a deadly weapon to which he entered guilty

pleas pursuant to plea agreements. On October 6, 2009, the trial court accepted Petitioner's guilty pleas, and Petitioner was placed on ten years deferred adjudication probation for each offense. Ex parte Rodriguez, Appl. Nos. 77,624-01 at 14; -02 at 22. The orders were filed on October 12, 2009. Id. On July 6, 2011, Petitioner's probation was revoked, and he was sentenced to nine years in prison. Id. at 36; -02 at 42. The orders adjudicating guilt were filed July 13, 2011. Id.

Petitioner did not appeal his deferred-adjudication orders or revocations of his deferred adjudication probation. He did, however, challenge his convictions in two state applications for habeas corpus relief. Petitioner filed his applications on April 26, 2012. Id. at 42; -02 at 48. The Texas Court of Criminal Appeals denied the applications without written order on the findings of the trial court on May 23, 2012. Id. at cover.

**B.     Petitioner's Grounds for Relief**

Construing Petitioner's application liberally, Petitioner raises the following claims:

1. He was denied effective assistance of counsel when his attorney failed to present favorable evidence;

2. His conviction was obtained by the prosecution's failure to disclose evidence in favor of the defendant;

3. His right to due process was violated when the prosecutor used evidence obtained from an illegal arrest; and

4. The prosecutor presented no evidence to support the convictions.

**C.     Exhaustion of State Court Remedies**

Respondent concedes that Petitioner has exhausted his state court remedies regarding the claims brought in this application. However, Respondent moves to dismiss Petitioner's application as time-barred.

## II.  DISCUSSION AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief.  See 28 U.S.C. § 2244(d).  That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's deferred-adjudication orders became final, at the latest, on or about November 11, 2009.[1]  See TEX. R. APP. P. 26.2(a); United States v. Vasquez, 298 F.3d 354, 359 (5th Cir. 2002) (finding a deferred- adjudication probation and revocation of that probation becomes final for federal sentencing enhancement purposes when time for filing notice of appeal passes or if

---

[1] Respondent argues Petitioner's conviction became final on the date of sentencing, because Petitioner waived his right to appeal.  The Court need not resolve this issue unresolved in the Fifth Circuit, because Petitioner's application is time-barred under the most generous interpretation of the statute.

appealed, when appeal is affirmed and no further review is possible). Petitioner did not execute his federal application until June 6, 2012, more than two years after his deferred-adjudication orders became final. See Tharpe v. Thaler, 628 F.3d 719 (5th Cir. 2010) (holding a deferred-adjudication order and a judgment of conviction and sentence are two separate and distinct judgments). Petitioner's state applications for habeas corpus relief did not toll the limitations period, because they were filed on April 26, 2012, after the limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Accordingly, Petitioner's claims regarding the orders deferring guilt are time-barred.

Petitioner argues his application is not time-barred, because his conviction was not final until after he was sentenced to nine years in prison in July 2011. If Petitioner was challenging the revocation of his deferred adjudication probation, he would be correct that his federal application would not be time-barred. However, the claims raised by Petitioner do not challenge his revocation. Rather, his claims challenge the original orders deferring guilt.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of September, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE